**BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC**
Stuart M. Kuritsky, Esq.
skuritsky@blkgg.com
Roy J. Thibodaux, III, Esq.
rthibodaux@blkgg.com
75 Livingston Avenue
Roseland, New Jersey 07068
Phone: (973) 325-7800
Fax: (973) 325-7930
Attorneys for Defendant

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JSF MANAGEMENT, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>LNC PROPERTY MANAGEMENT, LLC,<br><br>                              Defendants. | Civil Action No.: 2:20-cv-13094<br><br>**DEFENDANT LNC PROPERTY MANAGEMENT, LLC'S ANSWER AND COUNTERCLAIMS** |

Defendant, LNC Property Management, LLC, ("LNC") hereby responds to plaintiff JSF Management, LLC's ("JSF") Complaint ("Complaint") as follows:

**THE PARTIES**

1.    LNC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2.    LNC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

3.    Admitted.

4.    Admitted.

{00040921}                                         1

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

## FACTUAL BACKGROUND

7. Admitted.

8. LNC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, as LNC does not know what plaintiff "desired" or what plaintiff contends was a "material term," as same is a legal conclusion for which no response is required.

9. LNC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, as LNC does not know what plaintiff means by "development objectives."

10. Denied.

11. Admitted that plaintiff sent defendant a proposed draft agreement on or about April 23, 2018.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

16. Paragraph 16 of the Complaint makes allegations as to the contents of a written

{00040921}                                          2

document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

17. Paragraph 17 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

18. Paragraph 18 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

19. Admitted.

20. Paragraph 20 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

21. Paragraph 21 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

22. Paragraph 22 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

23. Paragraph 23 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for

themselves, and that a responsive pleading to such allegations is not required.

24. LNC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, as LNC does not know what plaintiff "intended."

25. Paragraph 25 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

26. Paragraph 26 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

27. Paragraph 27 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

28. Admitted.

29. Admitted that plaintiff submitted a title objection on August 1, 2018. Denied as to plaintiff's contention that it was "timely," as such allegation refers to the contents of a written document, the contents of which speak for themselves, and for which a responsive pleading to such allegations is not required. Further denied as to the contents of plaintiff's title objection, the contents of which speak for themselves.

30. Paragraph 30 of the Complaint makes allegations as to the contents of a written

document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

31. Paragraph 31 of the Complaint makes allegations as to the contents of written documents. In response, defendant states that the contents of the documents speak for themselves, and that a responsive pleading to such allegations is not required.

32. Admitted that counsel for defendant wrote to plaintiff under cover of letter dated August 9, 2018. Denied to the extent that Paragraph 32 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

33. Denied.

34. Denied.

35. Admitted that plaintiff sent a proposed fourth amendment on October 1, 2019. Denied as to the purpose of same, as the allegations refer to a written document the contents of which speak for themselves.

36. Denied.

37. Paragraph 37 of the Complaint makes allegations as to the contents of written documents. In response, defendant states that the contents of the documents speak for themselves, and that a responsive pleading to such allegations is not required.

38. Denied.

39. Denied.

40. Admitted that a Fourth Amendment to the Contract was executed on October 18, 2019. The rest and remainder of the allegations in this Paragraph are denied.

41. Denied.

42. Admitted that the parties entered into a Fifth Amendment to the Contract. To the extent Paragraph 42 of the Complaint makes allegations as to the contents of a written document, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

43. Denied.

44. Paragraph 44 of the Complaint makes allegations as to the contents of a written document. In response, defendant states that the contents of the document speak for themselves, and that a responsive pleading to such allegations is not required.

45. Denied.

46. Admitted that plaintiff sent a notice dated January 24, 2020. Denied that such notice was timely or effective, as plaintiff was in default of its obligations under the Contract for failing to have obtained the approvals required thereunder.

47. Denied.

48. Admitted that defendant's tenant exercised its option to renew its lease with defendant.

49. Denied.

50. Denied.

## FIRST COUNT
## BREACH OF CONTRACT

51. Defendant repeats and incorporates by reference its responses to the prior paragraphs in this Complaint as if fully set forth herein.

52. This paragraph sets forth a legal conclusion for which no response is required.

53. Denied.

54. Denied.

55. Denied.

56. Admitted that plaintiff was not able to secure the Approvals before the expiration of the Approvals Period. Admitted that plaintiff requested that LNC return the EMD, but denied that plaintiff's request was timely under the terms of the Contract.

57. Denied.

58. Denied.

59. LNC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

WHEREFORE, defendant LNC Property Management, LLC, demands judgment against plaintiff JSF Management, LLC, dismissing the Complaint with prejudice and awarding

{00040921}                                                  7

defendant reasonable attorneys' fees, costs of suit and such other relief as the Court deems proper and just.

## SECOND COUNT
## FRAUDULENT INDUCEMENT

64. Defendant repeats and incorporates by reference its responses to the prior paragraphs in this Complaint as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, denied.

WHEREFORE, defendant LNC Property Management, LLC, demands judgment against plaintiff JSF Management, LLC, dismissing the Complaint with prejudice and awarding defendant reasonable attorneys' fees, costs of suit and such other relief as the Court deems proper and just.

## THIRD COUNT
## NEGLIGENT MISREPRESENTATION

70. Defendant repeats and incorporates by reference its responses to the prior paragraphs in this Complaint as if fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, denied.

WHEREFORE, defendant LNC Property Management, LLC, demands judgment against plaintiff JSF Management, LLC, dismissing the Complaint with prejudice and awarding defendant reasonable attorneys' fees, costs of suit and such other relief as the Court deems proper and just.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

JSF's claims are barred because they fail to state a claim upon which relief can be granted.

### Second Defense

JSF's claims are barred to the extent that they fail to set forth a *prima facie* case of any of its causes of action.

### Third Defense

Any damages alleged to have been incurred by JSF were caused, in whole or in part, by JSF or JSF's agent's own conduct and not as a result of any conduct by LNC.

### Fourth Defense

JSF's claims are barred because LNC owed JSF no duty, and even if LNC owed JSF a duty, it did not breach that duty.

### Fifth Defense

Without conceding that JSF has suffered any damages as a result of any purportedly

wrongful act by LNC, JSF has failed to mitigate its damages.

### Sixth Defense

Counts Two and Three of JSF's Complaint are barred by the Economic Loss Doctrine.

### Seventh Defense

The Complaint is barred by the Doctrines of Estoppel, Waiver, and Laches, and the applicable Statutes of Limitations.

### Eighth Defense

Counts Two and Three of JSF's Complaint are barred by the Economic Loss Doctrine.

### RESERVATION OF RIGHTS

LNC reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

### COUNTERCLAIMS

### PARTIES

1. Defendant/counterclaim plaintiff, LNC Property Management, LLC ("LNC"), is a New Jersey corporate entity that at all times relevant hereto owned the property located at 165 Sussex Avenue, East Orange, New Jersey and 136-156 Freeway Drive East, East Orange, New Jersey (collectively, the "Property").

2. Plaintiff, JSF Management, LLC ("JSF"), is a South Carolina limited liability company that maintains its principal place of business at 100 Dunbar Street, Suite 400, Spartanburg, South Carolina 29306.

**FACTS**

3.  On or about May 23, 2018, LNC as Seller and JSF as Purchaser entered into a Contract to Buy and Sell Real Property ("the Contract") regarding the Property.

4.  Per the terms of the Contract, JSF deposited $50,000.00 as Earnest Money, the disposition of which was provided for by the Contract.

5.  Pursuant to the Contract, Section XI.A., "Default," in the event JSF defaulted in the performance of any of its covenants contained in the Contract, LNC shall be entitled to declare the Contract null and void and retain all Earnest Money as liquidated damages.

6.  Pursuant to the Contract, Section VI.A., JSF had ninety days from the Effective Date of the Contract for the Inspection Period, which period expired on or about August 21, 2018.

7.  Following the expiration of the Inspection Period, JSF had nine months therefrom for the Approvals Period, which period originally expired on or about May 21, 2019, and was subject to be extended for three additional forty-five day extension periods called the Extension Period.

8.  Pursuant to the First Amendment to Contract to Buy and Sell Real Property, LNC and JSF agreed to extend the Approvals Period by an additional forty-five days to July 5, 2019.

9.  Pursuant to the Second Amendment to Contract to Buy and Sell Real Property, LNC and JSF agreed to extend the Approvals Period to August 19, 2019.

10. Pursuant to the Third Amendment to Contract to Buy and Sell Real Property, LNC and JSF agreed to extend the Approvals Period by an additional sixty days to October 18, 2019.

11. Pursuant to the Fourth Amendment to Contract to Buy and Sell Real

Property, LNC and JSF agreed to extend the Approvals Period to December 17, 2019.

12. Pursuant to the Fifth Amendment to Contract to Buy and Sell Real Property, LNC and JSF agreed to extend the Approvals Period by an additional thirty days to January 15, 2020.

13. In default of the Contract, JSF failed to obtain the Approvals contemplated by the terms of the Contract by the Approvals Period / Extension Period, and thus, was in default of its obligations under the terms of the Contract.

14. At no time prior to the expiration of the Approvals Period / Expiration Period did JSF terminate the Contract and request a refund of the Earnest Money.

15. As such, under cover of letter dated February 5, 2020, LNC declared JSF in default of the Contract, declared the Contract null and void, and requested that the Earnest Money be remitted to LNC as liquidated damages per the terms of the Contract.

13. JSF has refused to direct the Escrow Agent identified in the Contract to release the Earnest Money to LNC as required by the terms of the Contract.

## COUNT I
## BREACH OF CONTRACT

14. LNC repeats and incorporates by reference the allegations set forth in the prior paragraphs of its Counterclaim as if fully set forth herein.

15. LNC was at all times ready, willing and able to perform its obligations under the Contract.

16. Pursuant to the Contract, Section XI.A., "Default," in the event JSF defaulted in the performance of any of its covenants contained in the Contract, LNC shall be entitled to declare the Contract null and void and retain all Earnest Money as liquidated damages.

17. JSF defaulted in the performance of the Contract when it failed to obtain

Approvals or terminate the Contract on or before January 15, 2020.

      18.    As a result, LNC declared the Contract null and void.

      19.    LNC is entitled to retain the Earnest Money as liquidated damages.

      20.    Because of JSF's breach of the Contract, LNC has suffered injury and damages.

WHEREFORE, LNC demands entry of Judgment in its favor against JSF:

      (1)    In the amount of $50,000.00, plus interest;

      (2)    For costs of suit;

      (3)    For attorneys' fees incurred; and

      (4)    For such other relief as the Court may deem just and proper.

Dated: December 7, 2020              By: /s/ Roy J. Thibodaux III

Roy J. Thibodaux III, Esq.
BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Telephone:  (973) 325-7800
Facsimile:  (973) 325-7930
Email:  rthibodaux@blkgg.com

## DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all issues.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: December 7, 2020                         By: /s/ Roy J. Thibodaux III

Roy J. Thibodaux III, Esq.
BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Telephone:   (973) 325-7800
Facsimile:   (973) 325-7930
Email:       rthibodaux@blkgg.com

## CERTIFICATE OF SERVICE

I, Roy J. Thibodaux III, hereby certify that on this 7th day of December, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on all parties of record, as follows. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: December 7, 2020                         By: /s/ Roy J. Thibodaux III

Roy J. Thibodaux III, Esq.
BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Telephone:   (973) 325-7800
Facsimile:   (973) 325-7930
Email:       rthibodaux@blkgg.com